UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 24-342-SDD-RLB**

**ST. GEORGE, ET AL.**

<u>**ORDER**</u>

Before the Court is Defendants' Motion to Set Aside Clerk's Entry of Default. (R. Doc. 9). The deadline to file an opposition has expired. LR 7(f); *see* Fed. R. Civ. P. 6(d). Accordingly, the motion is unopposed.

On May 1, 2024, Kelvin Wells ("Plaintiff") commenced this lawsuit against the [City of] St. George, Norma Browning, and Chris Rials (collectively, "Defendants") by filing a "Complaint" consisting of an email dated April 29, 2024 with various federal, state, and local individuals and officials as recipients in an apparent challenge to the incorporation of the City of St. George. (R. Doc. 1). Two months later, Plaintiff filed into the record an Amended Complaint, Petition for Dissolution, which seeks "an injunction to be placed on any further creation of the City of St. George." (R. Doc. 4).

Rule 55 provides, in pertinent part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, Plaintiff moved for entry of default and submitted purported proof that Defendants were served with process and the Complaint, as required pursuant to Rule 4, on September 3-4, 2024. (R. Docs. 6, 7). Given the foregoing, the Clerk of Court entered default on October 18, 2024. (R. Doc. 8).

On October 25, 2024, Defendants filed the instant Motion to Set Aside Clerk's Entry of Default. (R. Doc. 9).

The Court may set aside an entry of default upon a finding of "good cause." Fed. R. Civ. P. 55(c). "The decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985). The ultimate relief of a default judgment is "generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citations and internal punctuation removed). "To determine whether good cause to set aside a default exists" the court will consider three factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.* The Court may also consider whether "the defendant acted expeditiously to correct the default." *Id.*

Here, the Court finds good cause to set aside the entry of default. All of the relevant factors support this conclusion. First, there is no evidence that the default was willful. Defendants represent that they were not served a copy of the original Complaint, and were only served with a later-filed Amended Complaint, Petition for Dissolution. (R. Doc. 9-1 at 2-3). Defendants are seeking leave to file a Motion to Dismiss pursuant to Rule 12(b)(1), (4), (5), and (6), and Rule 4(m) raising various meritorious defenses, including the insufficiency of process and service of process. (R. Doc. 9-1 at 4-6). Defendants expeditiously sought to set aside the entry of default within one week of its entry. There is no prejudice to the Plaintiff where, as here, the setting aide of the default will do "no harm to plaintiff except to require [him] to prove [his] case." *Lacy.*, 227 F.3d at 293 (citation omitted).

Given the foregoing, the Court finds good cause to set aside the entry of default pursuant to Rule 55(c). To the extent necessary, the Court will extend Defendants' deadline to file responsive pleadings and will enter Defendants' Motion to Dismiss into the record.

The Court also reminds Plaintiff that he must obtain permission from a judge of this district prior to commencing any additional lawsuit in this district:

> Plaintiff Kelvin Wells is instructed that he cannot file any additional lawsuits in this Court without receiving permission from a judge of this Court before filing. Since 1999, Kelvin Wells has filed forty-six (46) lawsuits in this Court. Of Wells' most recently filed cases that have been resolved, all have been dismissed for failure to state a claim, lack of subject matter jurisdiction, failure to timely serve, or on grounds of Eleventh Amendment immunity, sometimes on defense motions that were unopposed. Given Wells' history of filing several lawsuit suits, some with meritless claims, or failing to prosecute lawsuits once they are filed, the sanction is warranted.

*Wells v. E. Baton Rouge Sch. Sys.*, No. 23-595-SDD-EWD, 2024 WL 4142742, at *1 (M.D. La. Sept. 10, 2024).[1]

**IT IS ORDERED** that Defendants' Motion to Set Aside Clerk's Entry of Default (R. Doc. 9) is **GRANTED**, and the Clerk's Entry of Default (R. Doc. 8) is hereby set aside.

**IT IS FURTHER ORDERED** that the Clerk's Office shall enter Defendants' Motion to Dismiss (R. Doc. 9-2) into the record and designate it as a pending motion.

Signed in Baton Rouge, Louisiana, on November 20, 2024.

                                                  **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff commenced this lawsuit prior to the announcement of this sanction.